**UNITED STATES of America**

v.

**John SANTILLI, Appellant**

**No. 01–3716.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) June 5, 2002.

Filed June 10, 2002.

Before SCIRICA, BARRY, and WEIS, Circuit Judges.

## OPINION

WEIS, Circuit Judge.

The defendant pleaded guilty to one count of conspiring to manufacture, distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. 846. As part of the plea bargain, the defendant agreed to fully cooperate with the government. Whether he met that obligation was to be determined solely by the government, which, if satisfied with the defendant's compliance, would file a motion under section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. 3553(e), recommending a downward departure.

Before sentencing had occurred, the prosecution informed defense counsel that it was not satisfied with the defendant's cooperation and thus would not file the downward departure motion. Defendant then moved for an order compelling specific performance or withdrawal of the guilty plea.

Both parties submitted briefs and the District Court heard extensive oral argument by counsel. Finding no evidence of bad faith on the government's part, the district judge denied the defendant's motion. Defendant was later sentenced to 151 months, representing the bottom of the Guideline range.

On appeal, defendant contends that the District Court erred in refusing to allow him to withdraw his guilty plea and in failing to enforce the terms of the plea bargain with respect to the filing of the motion for downward departure.

In United States v. Isaac, 141 F.3d 477 (3d Cir.1998), we explained that when a plea agreement provides for a downward departure motion at the discretion of the prosecution, the defendant must show bad faith on the part of the government in failing to file such a motion. If, after the defendant's motion is filed, the prosecution advances facially plausible reason for its decision, the burden shifts to the defendant to produce evidence giving reason to question the justification advanced. 141 F.3d at 484.

The district judge in the case before us found "not a shred of anything in this case that amounted to bad faith on the part of the government." We have carefully reviewed all of the submissions in this case and find no error in the District Court's denial of the defendant's motion for a hearing on the withdrawal of the plea or for specific performance. The district judge carefully and painstakingly examined the evidence, giving the parties every opportunity to fully present their causes.

Accordingly, the judgment of the District Court will be affirmed.